# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Health One Medical Center, Eastpointe, P.L.L.C., individually and as the representative of a class of similarly-situated persons,

Case No. 16-cv-13815

Plaintiff,

Judith E. Levy
United States District Judge

v.

Mag. Judge Stephanie Dawkins Davis

Mohawk, Inc. d/b/a Mohawk Medical,

Defendant.

_____/

# OPINION AND ORDER AWARDING DAMAGES AND COSTS, AND DENYING WITHOUT PREJUDICE REQUEST FOR ATTORNEY FEES PURSUANT TO ORDER GRANTING DEFAULT JUDGMENT

On February 10, 2017, the Court granted plaintiff Health One Medical Center, Eastpointe, P.L.L.C.'s motion for a default judgment against defendant Mohawk, Inc., and ordered plaintiff to submit supporting documentation with regards to damages, fees, and costs. (Dkt. 20.)  Plaintiff filed its supporting documentation, which requests a total of $13,513.75 from defendant.  (Dkt. 27 at 6.)

For the reasons set forth below, the Court awards plaintiff $1,000 in statutory damages and $400 in costs. The Court denies without prejudice plaintiff's request for attorney fees.

## I.    Background

On August 8, 2016, plaintiff received two unsolicited advertisements via fax from defendant Mohawk, Inc. These advertisements for pharmaceuticals were addressed to the Office Manager at Health One Medical Center, and listed a number of pharmaceuticals available and the prices for these products. (*See* Dkt. 1-1 at 2; Dkt. 1-2 at 2.) At the bottom of the faxes was information in bold text regarding how the fax recipient could place orders. And under this information was a line of text that said, "___ Check here to be removed from our fax list and fax to 800-567-1638." (*Id.*)

After receiving these faxes, on October 26, 2016, plaintiff filed a complaint against defendant for alleged violations of the Telephone Consumer Protection Act ("TCPA"), and for common law and statutory conversion, MICH. COMP. LAWS § 600.2919a. (Dkt. 1.) For the TCPA violations, plaintiff sought statutory damages for each fax and injunctive

relief. For the conversion counts, plaintiff sought compensation and attorney fees and costs. (Dkt.1 at 2.)

Defendant did not respond to the complaint or make an appearance. On February 7, 2017, plaintiff filed a motion for a default judgment. (Dkt. 18.) On February 10, 2017, the Court granted the motion and ordered plaintiff to provide documentation in support of its request for damages and attorney fees and costs. (Dkt. 20.)

## II.   Analysis

Plaintiff requests statutory damages, trebled, pursuant to the TCPA, 47 U.S.C. § 227(b)(3), and $10,113.75 in attorney fees and $400 in costs pursuant to Michigan's conversion statute, MICH. COMP. LAWS § 600.2919a. (Dkt. 27 at 6.)

### *Damages*

Pursuant to the TCPA, defendant is entitled to $500 per violation of the statute. 47 U.S.C. § 227(b)(3). Plaintiff requests statutory damages of $500 per fax, and a determination that the TCPA violations were willful or knowing, which would entitle plaintiff to treble damages, or $1,500 per fax. (Dkt. 27 at 6.)

3

"When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)). "[T]he burden of establishing damages rest[s] squarely and solely on [plaintiff]." *Flynn v. People's Choice Home Loans, Inc.*, 400 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner*, 66 F.3d 105, 110 (6th Cir. 1995)).

The Sixth Circuit has not articulated when a violation of the TCPA is "willful or knowing." But this Court need not determine the appropriate standard because plaintiff has not articulated which of its allegations would support a finding that the violations were willful or knowing.

In its supporting documentation, plaintiff claims the complaint alleges the violations were willful or knowing, "and Defendant has not disputed that," and therefore the Court should find the violations willful or knowing. (Dkt. 27 at 6.) But in the complaint, plaintiff never expressly alleges defendant's conduct was willful or knowing. Instead, plaintiff recited the statutory provision indicating that a court may impose treble

4

damages if it finds the violations were willful or knowing. Even if the complaint could be construed to allege the violations were willful or knowing, plaintiff has failed to articulate what actions or conduct would support such a finding. And, as set forth above, plaintiff must establish the extent of its damages, and therefore cannot rely only on the fact that defendant failed to respond. Thus, without more, plaintiff has not established that it is entitled to treble damages.

Pursuant to 47 U.S.C. § 227(b)(3), plaintiff is therefore entitled to $1,000 in statutory damages, which results from the two faxes sent in violation of the TCPA.

### *Attorney Fees and Costs*

Plaintiff requests $10,113.75 in attorney fees and $400 in costs pursuant to Michigan's conversion statute, MICH. COMP. LAWS § 600.2919a, which provides that "[a] person damaged as a result of [violations of this section] may recover . . . costs and reasonable attorney fees." (Dkt. 27 at 6.)

To calculate a "reasonable attorney fee," the Court uses the lodestar method. *The N.E. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984);

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The lodestar is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Hensley*, 461 U.S. at 433. The party seeking an award of fees must submit "evidence of the hours worked and the rates sought." *The N.E. Ohio Coal. for the Homeless*, 831 F.3d at 702.

This evidence must be "sufficiently detailed to enable courts to review the reasonableness of the hours expended." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008). And if the court determines the documentation is inadequate, the court may reduce the award accordingly. *The N.E. Ohio Coal. for the Homeless*, 831 F.3d at 702. After determining the lodestar for each attorney, the court may also "within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Reed v. Rhodes*, 179 F.3d 453, 471–72 (6th Cir. 1999)).

In this case, plaintiff has attached a billing statement that lists the attorneys and paralegals who worked on the case, the number of hours they expended, descriptions of the tasks performed, and their hourly billing rates. (Dkt. 27-1 at 7–8.) No other information about the

6

attorneys and paralegals, such as their positions at the firm, years of experience, or other information that would allow the Court to determine whether the hourly rates requested are reasonable is provided. Thus, the Court lacks sufficient information to calculate the lodestar for each individual requesting fees. *See Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007) ("[t]o arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record"). Accordingly, the Court denies without prejudice the request for attorney fees. Plaintiff may submit supplemental briefing in support of its request for attorney fees no later than April 10, 2017.

Finally, plaintiff seeks the $400 filing fee as costs. This request is reasonable, and sufficiently supported by the affidavit of Robert Piper, an attorney for plaintiff, and a copy of the electronic receipt. (*See* Dkt. 27-1 at 3, 5.) Accordingly, plaintiff is entitled to recover $400 in costs.

## III.   Conclusion

For the reasons set forth above, the Court awards plaintiff $1,000 in statutory damages and $400 in costs.

7

Plaintiff's request for attorney fees is DENIED WITHOUT PREJUDICE. Plaintiff may submit additional documentation in support of its request for attorney fees no later than April 10, 2017.

IT IS SO ORDERED.

Dated: March 27, 2017                    s/Judith E. Levy
Ann Arbor, Michigan                     JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2017.

                                        s/Felicia M. Moses
                                        FELICIA M. MOSES
                                        Case Manager